UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER BRIAN STANLEY,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | No.  2:22-cv-921-KJN<br><br><u>ORDER</u><br><br>(ECF Nos. 11, 14.) |

    Plaintiff seeks judicial review of a final decision by the Commissioner of Social Security denying his application for Supplemental Security Income.[1]  In his summary judgment motion, plaintiff contends the Administrative Law Judge ("ALJ") erred in:  (A) failing to provide specific, clear, and convincing reasons for discounting plaintiff's allegations of pain and physical dysfunction; and (B) failing to properly evaluate the severity and limiting effects of plaintiff's urethral stricture.  Plaintiff seeks a remand for further proceedings.  The Commissioner opposed, filed a cross–motion for summary judgment, and seeks affirmance.

    For the reasons that follow, the court GRANTS plaintiff's motion for summary judgment, DENIES the Commissioner's cross-motion, and REMANDS for further proceedings.

---

[1] This action was referred to the undersigned pursuant to Local Rule 302(c)(15), and both parties consented to proceed before a Magistrate Judge for all purposes.  (ECF Nos. 6, 7, 9.)

1

I.   **RELEVANT LAW**

The Social Security Act provides for benefits for qualifying individuals unable to "engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. § 1382c(a)(3). An ALJ is to follow a five-step sequence when evaluating an applicant's eligibility, summarized as follows:

> **Step one**: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> **Step two**: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> **Step three**: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> **Step four**: Is the claimant capable of performing past relevant work? If so, the claimant is not disabled. If not, proceed to step five.
> **Step five**: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995); see also 20 C.F.R. § 416.920(a)(4). The burden of proof rests with the claimant through step four, and with the Commissioner at step five. Ford v. Saul, 950 F.3d 1141, 1148 (9th Cir. 2020).

A district court may reverse the agency's decision only if the ALJ's decision "contains legal error or is not supported by substantial evidence." Id. at 1154. Substantial evidence is more than a mere scintilla, but less than a preponderance, i.e., "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. The court reviews the record as a whole, including evidence that both supports and detracts from the ALJ's conclusion. Luther v. Berryhill, 891 F.3d 872, 875 (9th Cir. 2018). However, the court may review only the reasons provided by the ALJ in the decision, and may not affirm on a ground upon which the ALJ did not rely. Id. "[T]he ALJ must provide sufficient reasoning that allows [the court] to perform [a] review." Lambert v. Saul, 980 F.3d 1266, 1277 (9th Cir. 2020).

The ALJ "is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Ford, 950 F.3d at 1154. Where evidence is susceptible to more than one rational interpretation, the ALJ's conclusion "must be upheld." Id. Further, the court may not reverse the ALJ's decision on account of harmless error. Id.

## II. BACKGROUND AND ALJ'S FIVE–STEP ANALYSIS

In February of 2020, plaintiff applied for Supplemental Security Income under Title XVI, alleging an onset date of January 6, 2020. (Administrative Transcript ("AT") 144-53.) Plaintiff claimed disability due to: left below the knee amputation, scar tissue in urethra, diabetes, high blood pressure, and high cholesterol. (See AT 166.) Plaintiff's applications were denied initially and upon reconsideration, and he sought review with an ALJ. (AT 56, 70, 90.) At an April 2021 hearing, plaintiff testified about his conditions, and a vocational expert ("VE") testified regarding the ability of a person with similar impairments to perform various jobs. (AT 27-45.)

On May 26, 2021, the ALJ issued a decision determining plaintiff was not disabled. (AT 15-23.) At step one, the ALJ concluded plaintiff had not engaged in substantial gainful activity since February 25, 2020. (AT 17.) At step two, the ALJ determined plaintiff had the following severe impairments: diabetes mellitus with peripheral neuropathy, below the knee amputation, and obesity. (Id.) The ALJ also stated that the "record also showed evidence of urinary tract infection and hypertension as impairments," but found these conditions to be non-severe. (Id.) At step three, the ALJ determined that plaintiff's impairments did not meet or medically equal the severity of an impairment listed in Appendix 1. (AT 18, citing 20 C.F.R. Part 404, Subpart P, Appendix 1.) The ALJ then found plaintiff had the residual functional capacity ("RFC") to perform sedentary work, but with these additional limitations:

> The claimant can lift, carry, push, and pull 10 pounds occasionally and less than 10 pounds frequently[;] can sit for 6 hours in an 8-hour day; stand and walk for 2 hours in an 8-hour day[;] can occasionally operate foot controls with the left foot[;] can never climb ladders, ropes, or scaffolds; but can occasionally climb ramps and stairs[;] never crawl; but can occasionally balance, stoop, kneel, and crouch[;] can never work at unprotected heights and must avoid concentrated exposure to moving mechanical parts[; and] must avoid concentrated exposure to extreme heat and cold.

(AT 19.) In crafting this RFC, the ALJ stated he considered plaintiff's symptoms alongside medical evidence and opinions of the state agency medical consultants. (AT 19-21.) Relevant here, the ALJ found that plaintiff's testimony about his subjective symptoms was not entirely consistent with the medical evidence and other evidence in the record—namely the opinions of the state agency medical consultants. (Id.) In so concluding, the ALJ found plaintiff's physical

3

exams to be "generally normal" as compared to his continued complaints of ongoing neuropathy, pain, and imbalance. (Id.) The ALJ also found that the opinions of the state agency medical consultants were partially persuasive, finding their opinions consistent with normal exam findings in the medical records and with plaintiff's subjective complaints, severe infections, additional amputations, and neuropathy. (AT 21.)

Based on this RFC and the VE's testimony, the ALJ concluded that while plaintiff was incapable of performing past relevant work, jobs existed in the national economy that he could perform, including a charge account clerk, surveillance system monitor, and a telephone order clerk. (AT 22-23.) Therefore, the ALJ determined plaintiff was not disabled. (AT 23.)

Plaintiff then filed this action, requesting judicial review of the Commissioner's final decision, and the parties filed cross-motions for summary judgment. (ECF Nos 1, 11, 14, 15.)

### III. ISSUES PRESENTED

Plaintiff contends the ALJ erred in: (A) failing to provide specific, clear, and convincing reasons for discounting plaintiff's allegations of pain and physical dysfunctions; and (B) failing to properly evaluate the severity and limiting effects of plaintiff's urethral stricture, instead mischaracterizing it as a simple UTI. Plaintiff seeks a remand for further proceedings. (ECF Nos. 1, 11, 15.)

The Commissioner disagrees, arguing that given the low threshold of the substantial evidence standard, the ALJ: (A) properly considered plaintiff's subjective symptom allegations; and (B) properly construed plaintiff's issues as a UTI and assessed plaintiff's impairments at step two. Thus, the Commissioner contends the decision as a whole is supported by substantial evidence and should be affirmed. (ECF No. 14.)

### IV. DISCUSSION

**A. The ALJ cannot rely solely on the medical evidence when discounting plaintiff's subjective pain and physical dysfunctions.**

**Legal Standards**

A claimant's statements of subjective symptoms alone are insufficient grounds to establish disability. 20 C.F.R § 404.1529(a). If an ALJ was required to believe every allegation of pain or

impairment, disability benefits would run afoul of the Social Security Act and its purpose. See Treichler v. Comm'r, 775 F.3d 1090, 1106 (9th Cir. 2014). In evaluating the extent to which an ALJ must credit the claimant's report of their symptoms, the Ninth Circuit has stated:

> First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged. In this analysis, the claimant is not required to show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom. Nor must a claimant produce objective medical evidence of the pain or fatigue itself, or the severity thereof.
> If the claimant satisfies the first step of this analysis, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so. This is not an easy requirement to meet: The clear and convincing standard is the most demanding required in Social Security cases.

Revels v. Berryhill, 874 F.3d 648, 655 (9th Cir. 2017) (quoting Garrison, 759 F.3d at 1014-15).

The ALJ's reasons for discounting or rejecting a claimant's subjective symptom testimony must be "sufficiently specific to allow a reviewing court to conclude the adjudicator . . . did not arbitrarily discredit a claimant's testimony." Brown-Hunter v. Colvin, 806 F.3d 487, 483 (9th Cir. 2015) (quoting Bunnell v. Sullivan, 947 F.2d 341, 345-46 (9th Cir. 1991)). Examples of "specific, clear and convincing reasons" for discounting or rejecting a claimant's subjective symptom testimony include: prescription of conservative treatment, inconsistencies between a claimant's testimony and conduct (including daily activities), and whether the alleged symptoms are consistent with the medical evidence of record. See Tommasetti, 533 F.3d at 1040; Lingenfelter v. Astrue, 504 F.3d 1028, 1040 (9th Cir. 2007). A lack of corroborating, objective medical evidence alone is insufficient grounds for an ALJ to discount a claimant's subjective symptoms; however, it is a factor the ALJ may consider. See Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001) (citing 20 C.F.R § 404.1529(c)(2)).

**Analysis**

Here, the ALJ discounted plaintiff's complaints of continuing pain, imbalance, and neuropathy based on a determination that plaintiff's testimony was not entirely consistent with the medical evidence and other evidence in the record. (AT 19-23.) In doing so, the ALJ primarily focused on plaintiff's physical exams, which he describes as "generally normal" compared to

plaintiff's continued complaints of ongoing neuropathy, pain, and imbalance. (AT 19-23.) The only "other evidence" the ALJ cited were the opinions of the State agency medical consultants. This rationale is contrary to Rollins, as ALJs cannot rely solely on objective medical evidence when discounting plaintiff's subjective symptoms. 261 F.3d at 857 (reminding that a lack of corroborating, objective medical evidence alone is insufficient grounds for an ALJ to discount a claimant's subjective symptoms). This is error requiring resolution by an ALJ. See 42 U.S.C. § 423(d)(5)(B) (reminding that the ALJ base the decision on "all the evidence available in the [record]"); Ford, 950 F.3d at 1154 (reminding that the ALJ "is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities").

**B. The ALJ improperly mischaracterized plaintiff's urethral stricture at step two.**

**Legal Standard**

In general, the claimant must prove the physical or mental impairment by providing relevant evidence. See 20 C.F.R. § 416.912(a). Categories of evidence include objective medical evidence, medical opinions, other medical evidence, evidence from nonmedical sources, and prior administrative medical findings. See 20 C.F.R. § 416.913.

Under the Commissioner's regulations, an impairment or combination of impairments is deemed to be severe at step two if it "significantly limits [a claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.920(c). As the Ninth Circuit has explained, "the step-two inquiry is a de minimis screening device to dispose of groundless claims. An impairment or combination of impairments can be found not severe only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work." Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996) (internal citations and quotation marks omitted).

**Analysis**

Here, the ALJ failed to properly evaluate the severity and limiting effects of plaintiff's urethral stricture at step two and beyond. In fact, the ALJ did not make a single mention of a urethral stricture throughout the decision, instead characterizing it as a simple urinary tract infection. However, plaintiff provided the ALJ with objective medical evidence which

documented his history of severe recurrent urethral stricture and the impairments caused by it—including urinary dribbling, urinary retention, and pain.  (AT 525 (noting "severe urethral strictures"), 576, 607, 611, 1420, 1436, 1437, 1486, 1487, 1525, 1526, 1530, 1531.)  Additionally, plaintiff testified to the ALJ about his urethral scar tissue and the resulting impairments.  (See AT 38.)  The ALJ appears to have wholly ignored this evidence, cherry picking around it so as to characterize the stricture as a mere UTI.  This is error.  See Ghanim v. Colvin, 763 F.3d 1154, 1164 (9th Cir. 2014) (finding error where the ALJ's decision did not account for record "as a whole," but rather relied on "cherry-picked" evidence).

Further, failing to account for this impairment is not a harmless error.  During plaintiff's hearing, a VE testified as to two hypotheticals provided by the ALJ.  (AT 43-44.)  In both hypotheticals the VE determined that an individual with plaintiff's asserted limitations would not be able to perform any work in the national economy, if such an individual could not sit for more than fifteen minutes at a time, or was distracted for at least twenty-percent of the work day.  (Id.)  During that same hearing, plaintiff testified that he could not sit for more than fifteen minutes due to pain that arose from his urethral stricture.  (AT 36.)  Thus, this case must be remanded for further proceedings.  Ford, 950 F.3d at 1154.

## V.    CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 11) is GRANTED;
2. The Commissioner's cross-motion (ECF No. 14) is DENIED;
3. The final decision of the Commissioner is REVERSED AND REMANDED for further proceedings consistent with this order; and
4. The Clerk of Court is directed to CLOSE this case.

Dated:  August 25, 2023

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

SD/AZ, stan.921